**Case # 3:12 – CV – 1681 ST**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit A Page 1 of 2**

# EXHIBIT A

### Attached to Plaintiff's Objection to MGC's Motion to Dismiss

### 2006 "Notice of Default and Election to Sell"

Case # 3:12 – CV – 1681 ST

**Subramaniam vs Beal, Chase, GMAC et al**                 Exhibit A Page 2 of 2

AFTER RECORDING RETURN TO:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON  CA  92022-9004
(619)590-9200

**Washington County, Oregon**                **2006-077544**
06/28/2006 03:24:13 PM
D-MDE8      Cnt=1  Stn=22  I REED
$20.00 $6.00 $11.00 - Total = $37.00

00974313200600775440040048

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.
Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

_____ (Recorder's Use)_____

## NOTICE OF DEFAULT AND ELECTION TO SELL

Loan No.: XXXX9663
T.S. No.:  1077668-09

Reference is made to that certain trust deed made by
DENISE SUBRAMANIAM
as grantor,
to PAUL S. COSGROVE, LINDSAY HARTE, LAW OFF
as trustee,
in favor of PEOPLE'S CHOICE HOME LOAN, INC.
as beneficiary, dated February 10, 2004, recorded March 01, 2004, in the official records of WASHINGTON
County, Oregon, in book/reel/volume No. XX at page XX, fee/file/instrument/microfilm/reception No. 2004-
019937 (indicate which), covering the following described real property situated in said County and State, to-
wit:
LOT 4, BLOCK 2, DEVONSHIRE, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON.

CAL-WESTERN RECONVEYANCE CORPORATION
as Trustee, hereby certifies that no assignments of the trust deed by the trustee or by the beneficiary and no
appointments of a successor-trustee have been made except as recorded in the mortgage records of the county
or counties in which the above described real property is situated; further, that no action, suit or proceeding
has been instituted to recover the debt, or any part thereof, now remaining secured by the said trust deed, or, if
such action or proceeding has been instituted, such action or proceeding has been dismissed except an action
to appoint a receiver pursuant to ORS 86.010, or the foreclosure of another trust deed, mortgage, security
agreement or other consensual or nonconsensual security interest or lien securing repayment of this debt.

There is a default by the grantor or other person owing an obligation, or by their successor-in-interest, the
performance of which is secured by said trust deed with respect to provisions therein which authorize sale in
the event of default of such provision; the default for which foreclosure is made is grantor's:

NODOR DOC                        Rev. 4/07/06                        Page 1 of 3

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit B Page 1 of 2**

# EXHIBIT B

## Attached to Plaintiff's Objection to MGC's Motion to Dismiss

## First Page of Deed of Trust

Until a change is requested all tax statements shall be sent
to the following address.

WHEN RECORDED MAIL TO

People's Choice Home Loan, Inc.
7515 IRVINE CENTER DR., IRVINE,
CA  92618

TAX ACCOUNT NUMBER

———————————————— [Space Above This Line For Recording Data] ————————————————

# DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  **February 10, 2004**                   ,
together with all Riders to this document.
(B) "Borrower" is **DENISE SUBRAMANIAM**

Borrower is the trustor under this Security Instrument.
(C) "Lender" is **PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION**

Lender is a **CORPORATION**
organized and existing under the laws of **WYOMING**
**10097572**

OREGON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3038  1/01

-6(OR) (0104)
Page 1 of 15                           Initials ___

VMP MORTGAGE FORMS - (800)521-7291

# EXHIBIT C

### Attached to Plaintiff's Objection to MGC's Motion to Dismiss

## Adjustable Rate Rider

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**

Exhibit C Page 2 of 5

Loan Number 10097572

## ADJUSTABLE RATE NOTE
### (LIBOR Six-Month Index (As Published In The Wall Street Journal)-Rate Caps)
### Including Prepayment Penalty

### NOTICE TO BORROWER
Do not sign this loan agreement before you read it. This loan agreement
provides for the payment of a penalty if you wish to repay the loan prior
to the date provided for repayment in the loan agreement (Ore Rev Stat
§82.160; Or Admin R §441-870-0040.)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY
INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE
AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE I MUST PAY.

| 02/10/2004 | IRVINE | CALIFORNIA |
|---|---|---|
| [Date] | [City] | [State] |

### 13865 SW WALKER ROAD, Beaverton, OREGON 97005
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 176,000.00 (this amount is called
"Principal"), plus interest, to the order of Lender. Lender is PEOPLE'S CHOICE HOME LOAN, INC. a
WYOMING CORPORATION.

I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who
is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay
interest at a yearly rate of 6.990% . The interest rate I will pay may change in accordance with Section 4 of this
Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and
after any default described in Section 7(B) of this Note.

### 3. PAYMENTS
#### (A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the 1st day of each month beginning on April 1, 2004. I will make these
payments every month until I have paid all of the principal and interest and any other charges described below
that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be
applied to interest before Principal. If, on March 1, 2034, I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O.Box 512809, Los Angeles, CA 90051-5128 or at a different place
if required by the Note Holder.

#### (B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $ 1,169.76 . This amount may change.

#### (C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest
rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my
monthly payment in accordance with Section 4 of this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
#### (A) Change Date(s)
The interest rate I will pay may change on the 1st day of March, 2006 and every 6th month(s) thereafter.
Each date on which my interest rate could change is called a "Change Date."

adjnote1   09/26/01

Page 1 of 4

Initials:

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit C Page 3 of 5**

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in the Wall Street Journal. The most recent Index figure available as of the   date 45 days before each Change Date  is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding five and one-quarter percentage points ( 5.250%  ) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than  9.990% or less than 6.990 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one  percentage point(s) ( 1.000%  ) from the rate of interest I have been paying for the preceding 6  months.

My interest rate will never be greater than 12.990%.   My interest rate will never be less than 6.990%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only before it is due is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments then due under this Note.

The Note Holder will use my Prepayment to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial prepayment may be offset by an increase in the interest rate.

If within Twenty-four (24) months from the date of execution of the Security Instrument, I make full Prepayment or partial Prepayment, and the total of such Prepayment(s) in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to 6 months' advance interest on the amount by which the total of my Prepayment(s) within that 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

Case # 3:12 – CV – 1681 MO

## Subramaniam vs Beal, Chase, GMAC et al

Exhibit C Page 4 of 5

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

### 8. GIVING OF NOTICES

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Case # 3:12 – CV – 1681 MO

Subramaniam vs Beal, Chase, GMAC et al                    Exhibit C Page 5 of 5

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)         _____ (Seal)
DENISE SUBRAMANIAM        -Borrower                              -Borrower

_____ (Seal)         _____ (Seal)
                          -Borrower                              -Borrower

_____ (Seal)         _____ (Seal)
                          -Borrower                              -Borrower

_____ (Seal)         _____ (Seal)
                          -Borrower                              -Borrower

                                                      [Sign Original Only]

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**

# EXHIBIT D

**Attached to Plaintiff's Objection to MGC's Motion to Dismiss**

**Loan Application (First Page)**

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**

Exhibit D Page 2 of 2

## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or □ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | □ VA  ☑ Conventional  □ Other (explain):  □ FHA  □ USDA/Rural Housing Service | | Agency Case Number | Lender Case Number |
|---|---|---|---|---|
| Amount $ 176,000 | Interest Rate 6.890 % | No. of Months 360/360 | Amortization Type: ☑ Fixed Rate  □ GPM | □ Other (explain):  □ ARM (type): |

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, ZIP)  **13865 SW WALKER ROAD,   Beaverton, OR 97006   County: Washington** — No. of Units **1**

Legal Description of Subject Property (attach description if necessary)  **SEE PRELIM** — Year Built

| Purpose of Loan | □ Purchase  □ Construction  ☑ Refinance  □ Construction-Permanent | □ Other (explain): | Property will be: ☑ Primary Residence  □ Secondary Residence  □ Investment |
|---|---|---|---|

Complete this line if construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements □ made □ to be made |
|---|---|---|---|---|
| | | | | Cost: $ |

Title will be held in what Name(s)  **DENISE SUBRAMANIAM** | Manner in which Title will be held: To be determined in escrow | Estate will be held in: ☑ Fee Simple  □ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

### III. BORROWER INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable)  **DENISE SUBRAMANIAM** | | | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number  503-644-3881 | Home Phone (incl. area code) | DOB (MM/DD/YYYY) 09/16/1954 | Yrs. School 18 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|

| □ Married  ☑ Unmarried (include single, divorced, widowed)  □ Separated | Dependents (not listed by Co-Borrower) no. ___ ages ___ | □ Married  □ Unmarried (include single, divorced, widowed)  □ Separated | Dependents (not listed by Borrower) no. ___ ages ___ |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☑ Own □ Rent  8 No. Yrs.  **13865 SW WALKER ROAD  Beaverton, OR 97006** | Present Address (street, city, state, ZIP)  □ Own □ Rent ___ No. Yrs. |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  □ Own □ Rent ___ No. Yrs. | Former Address (street, city, state, ZIP)  □ Own □ Rent ___ No. Yrs. |
|---|---|

### IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|

| Name & Address of Employer  **PORTLAND CORPORATE MANAGEMENT  PORTLAND, OR** | □ Self Employed | Yrs. on this job 5 yr(s) 8 mth(s)  Yrs. employed in this line of work/profession 6 | Name & Address of Employer | □ Self Employed | Yrs. on this job  Yrs. employed in this line of work/profession |
|---|---|---|---|---|---|

| Position/Title/Type of Business  **ADMINISTRATOR** | Business Phone (incl. area code) 503 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | □ Self Employed | Dates (from-to) | Name & Address of Employer | □ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer | □ Self Employed | Dates (from-to) | Name & Address of Employer | □ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    Exhibit E Page 1 of 2

# EXHIBIT E

## Attached to Plaintiff's Objection to MGC's Motion to Dismiss

## Truth in Lending Disclosure
### (More than one was signed at closing)

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit E Page 2 of 2**

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT:
PEOPLE'S CHOICE HOME LOAN, INC.                    ☐ Preliminary  ☒ Final

7515 IRVINE CENTER DR.                    *DATE:* 02/10/2004
IRVINE, CA 92618                    *LOAN NO* 10097572
BORROWERS:DENISE SUBRAMANIAM                    *Type of Loan* Convertible ARM

ADDRESS: 13865 SW WALKER ROAD
CITY/STATE/ZIP: BEAVERTON, OR 97005
PROPERTY: 13865 SW WALKER ROAD Beaverton, OR 97005

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled |
| 7.270 % | $ 250,413.41 | $ 170,688.77 | $ 421,102.18 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $1,169.76 | 04/01/2004 | | | |
| 1 | $1,158.34 | 03/01/2034 | | | |

**DEMAND FEATURE:** ☒ This loan does not have a Demand Feature    ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
☒ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier

**SECURITY:** You are giving a security interest in the property located at   13865 SW WALKER ROAD Beaverton OR 97005

**ASSUMPTION:** Someone buying this property  ☒ cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms

**FILING / RECORDING FEES:**  $ 100.00

**PROPERTY INSURANCE:** ☒ Property hazard insurance in the amount of $ 176,000.00   with a mortgagee clause to the lender
is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of  $0.00   for a   year term

**LATE CHARGES:** If your payment is more than 15   days late, you will be charged a late charge of  5.000   % of the overdue payment

Case # 3:12 – CV – 1681 MO

Subramaniam vs Beal, Chase, GMAC et al                     Exhibit F Page 1 of 8

# EXHIBIT F

**Attached to Plaintiff's Objection to MGC's Motion to Dismiss**

**2006 Substitution of Trustee Instrument**
**2006 Assignment Alleging to assign DOT to Residential Funding Co.**

**Filed in Washington County on 2/28/2006**

**Examples of Debra Lyman's Signatures**
**Examples of Laura Hererra's Signatures**
**Email from Steve**

Case # 3:12 – CV – 1681 MO

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit F Page 2 of 8**

RECORDING REQUESTED BY:

AND WHE RECORDED MAIL TO:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON CA 92022-9004

Washington County, Oregon          **2006-077543**
08/28/2006 03:24:13 PM
D-MIST         Cnt=1  Stn=22  I REED
$10.00 $6.00 $11.00 - Total = $27.00

0097431120060077543002002B

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
Instrument of writing was received and recorded in the
book of records of said county.
Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

_____Space Above This Line For Recorder's use_____

Loan No.: XXXX9663
T.S. No.: 1077668-09

## SUBSTITUTION OF TRUSTEE

WHEREAS, DENISE SUBRAMANIAM      was the original Grantor, PAUL S. COSGROVE, LINDSAY HARTE, LAW OFF was the original Trustee and PEOPLE'S CHOICE HOME LOAN, INC.      was the original Beneficiary under that certain Deed of Trust dated February 10, 2004 and recorded on March 01, 2004 as Instrument No. 2004-019937, in Book XX, Page XX of the Official Records of WASHINGTON County, Oregon and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and stead of present Trustee thereunder,

NOW, THEREFORE, HOMECOMINGS FINANCIAL NETWORK, INC.      hereby substitutes CAL-WESTERN RECONVEYANCE CORPORATION, A licensed Oregon Escrow agent and a California Corporation whose corporate address is 525 EAST MAIN STREET, P.O. BOX 22004, EL CAJON CA 92022-9004 as a Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

FIDELITY NATIONAL TITLE CO.  11-1410467

SUBOR.DOC                    Rev. 2/16/2006                    Page 1 of 2

Case # 3:12 – CV – 1681 MO

Subramaniam vs Beal, Chase, GMAC et al

Exhibit F Page 3 of 8

## SUBSTITUTION OF TRUSTEE

Loan No.: XXXX9663
T.S: No.: 1077668-09

DATED: March 18, 2006

Litton Loan Servicing LP
Attorney in Fact

HOMECOMINGS FINANCIAL NETWORK, INC.

DEBRA LYMAN

VICE PRESIDENT

State of Texas
County of Harris

On March 20, 2006 before me,
LAURA HERRERA ,
a Notary Public in and for said state, personally appeared
**DEBRA LYMAN , VICE PRESIDENT ,** ,
personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

(This area for Official notary seal)

Signature _Laura Herrera_

Laura Herrera
Notary Public State of Texas
My Commission Expires
06-14-2008

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit F Page 4 of 8**

Debra Lyman and other Litton robo-signers fabricate documents for mortgage-backed trusts when the originals can't be found. Other Litton robo-signers, Marti Noriega, Denise Bailey and Debra Lyman all fabricated mortgage assignments for the big bank trusts.

Shown are examples of **Debra Lyman** signing as an officer of different financial organizations. On 2/10/2006 Debra Lyman signed as Vice President of Deutsche Bank National Trust Company, as Trustee for a MBS Trust.

Dated: February 10, 2006

Deutsche Bank National Trust Company, as Trustee Long Beach Mortgage Loan Trust

Litton Loan Servicing LP
Attorney in Fact

By _____
    DEBRA LYMAN (name)   VICE PRESIDENT

By _____
    Denise Bailey (name)   ASSISTANT SECRETARY
    Wetenkamp, Glen A
    Loan #141

STATE OF _____ Texas _____, COUNTY OF _____ Harris _____ ss

On this February 10, 2006 , before me, the undersigned, a Notary Public in and for the State, personally appeared _____ DEBRA LYMAN _____ and _____ Denise Bailey _____, personally known, or being by me duly sworn, did say that they are the _____ VICE PRESIDENT _____ ASSISTANT SECRETARY _____, respectively, of said corporation; that no seal has been procured by the corporation, that said instrument was signed on behalf of said corporation by authority of its Board of Directors that the said _____ DEBRA LYMAN _____ and _____ Denise Bailey _____ as such officers, acknowledge the execution of said instrument to be the voluntary act and deed of said corporation, by it and by them voluntarily executed.

_____ Notary
Managua R. Rockmore

MANAGUA R. ROCKMORE
Notary Public, State of Texas
My Commission Expires
July 12, 2009

---

Dated: November 28, 2005

LITTON LOAN SERVICING, LC, as Attorney-in-Fact for The Provident Bank

Litton Loan Servicing LP
Attorney in Fact

By _____
    DEBRA LYMAN   VICE PRESIDENT

STATE OF TEXAS, HARRIS COUNTY, ss:

This instrument was acknowledged before me on November 28, 2005 , by _____ DEBRA LYMAN _____ as _____ VICE PRESIDENT _____ Litton Loan Servicing, LC, as Attorney-in-Fact for The Provident Bank.

_____
Managua R. Rockmore
Notary Public in and for said State and County

MANAGUA R. ROCKMORE
Notary Public, State of Texas
My Commission Expires
July 12, 2009

---

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. SOLELY
AS NOMINEE FOR COUNCIL BLUFFS
SAVINGS BANK, A DIVISION OF
CARROLL COUNTY STATE BANK

By _____
Print name and title   Debra Lyman
                       Assistant Secretary

By _____
Print name and title   Marti Noriega
                       Assistant Secretary

STATE OF _____ Texas _____   Harris   COUNTY, SS:

This instrument was acknowledged before me JUL 3 0 2010 . 2010 by
Debra Lyman as _____ Assistant Secretary _____ and
Marti Noriega as _____ Assistant Secretary _____ of Mortgage
Electronic Registration Systems, Inc, solely as nominee for Council Bluffs Savings Bank, a Division of Carroll County State Bank.

_____
Karen Quiller
Notary Public in and for said County and State

KAREN QUILLER
Notary Public, State of Texas
My Commission Expires
July 26, 2014

On 7/30/2010 **Debra Lyman** signed as Assistant Secretary MERS Inc, solely as nominee for Counsil Bluffs Savings Bank a Division of Carroll County State Bank. The document was filed with Pottawattamie County, IA on 9/21/2010 The document was a Quit Claim Deed in favor of Litton as Trustee for a Morgan Stanley MBS Trust.

---

Debra Lyman (WK) | LinkedIn - Mozilla Firefox

File  Edit  View  History  Bookmarks  Tools  Help

... "mary k o... CDC - Art... SEC Info -... perpetrat...

← → linkedin.com ...

Most Visited  Getting Started  Latest Headlines  Customize Links  Fr

**Linked**in

Debra Lyman (WK)
Vice President at Litton
Houston, Texas Area · Banking

Current
• Vice President at Litton
• Vice President at Litton Loan Servicing

Connections
172 connections

Debra Lyman (WK)'s Experience

**Vice President**
**Litton**
January 2000 – Present (11 years 11 months)

**Vice President**
**Litton Loan Servicing**
2000 – Present (11 years)

---

**Debra Lyman's** LinkedIn profile shows her as a Litton employee, (http://www.linkedin.com/pub/debra-lyman-wk/10/90b/353). Her Spoke profile also indentifies her as a Litton employee (http://www.spoke.com/info/pDr5Ewh/DebraLyman). And she is on a list of authorized signers and attorneys-of-fact for Litton, (http://deeds.desotocountyms.gov/P/P00092-00450.pdf). Shouldn't attorneys who commit fraud be disbarred?

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit F Page 5 of 8**

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated ___4 -4___ , 20__08

Mortgage Electronic Registration Systems, Inc.

By _____
Title: **Denise Bailey**
        **Vice President**

STATE OF __Texas__ )
COUNTY OF __Harris__ ) ss.

I certify that I know or have satisfactory evidence that ___ Denise Bailey ___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the ___Vice President___ of Mortgage Electronic Registration Systems, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated __April 4 2008__

NOTARY PUBLIC in and for the State of
__Texas__
Residing at __Harris County__
My commission expires __6-14-08__

LAURA HERRERA
Notary Public, State of Texas
My Commission Expires
June 14, 2008

**Denise Bailey**, another Litton robo-signer on the same lists as Debra Lyman, signed as Vice President of MERS Inc. on a Deed Assignment filed in Skagit County, WA. (She signed as Asst. Secretary for Deutsche Bank and Debra Lyman signed as Vice President on a document shown on the previous page.)

If you compare Denise Bailey's signatures they are not the same. More than one person is signing as Denise Bailey.

The Notary on this document was Texas notary **Laura Herrera** who also signed the Substitution of Trust on my property on 3/18/2006. Again, the signatures are not the same, nor are the notary stamps. Multiple people are signing Laura Herrera's signature and using her Notary stamp. This is fraud and perjury.

This document was a Deed Assignment in favor of HSBC Bank USA as Trustee for a MBS Trust.



Mortgage Electronic Registration Systems, Inc.

y: _____
itle: **Denise Bailey**
       Vice President

By: _____
**Denise Bailey** (name)

**VICE PRESIDENT**

**ASSISTANT SECRETARY**

NOTARY PUBLIC in and for the State of

LAURA HERRERA
Notary Public, State of Texas
My Commission Expires
June 14, 2008

Signature _____

Laura Herrera
Notary Public State of Texas
My Commission Expires
08-14-2008

Notice that here the left most or first leg of the "H" is a separate line. The second leg of the "H" starts as a new line from the top. At the bottom of the second leg the stroke crosses over from right to left and loops around in an upwards stroke then downwards to swoop under the "H" then swoops upwards to form the lower case "e" without leaving the paper.

The notary stamps are different too.

The signature on the right is from my document above. Notice in this signature the pen starts at the top of the first leg of the "H", at the bottom of the leg it then swoops upwards to cross over and down to form the right leg, then from the bottom of the second leg it swings left to cross the legs of the "H". The pen leaves the paper and the lower case "e" starts as a new pen stroke.

The differences in the signatures indicate that more than one person used the notary stamp for Laura Herrera and signed documents as if they were her by forging her signature. **This is fraud**. (A notary commission is valid for four years in Texas and no one checks during that time whether the person commissioned is still located at the address on their application for notary.)

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit F Page 6 of 8**

ง๔

ห)

Washington County, Oregon              **2006-077542**
06/28/2006 03:24:13 PM
D-MA          Cnt=1  Stn=22  I REED
$10.00 $8.00 $11.00 - Total = $27.00

0097431020080077542020021
I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.
Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

**RECORD AND RETURN TO**
GMAC-RFC
One Meridian Crossing, Suite #100
Minneapolis, MN 55423
RECORD CENTER AND DOCUMENT
ROUTING 03-03-40
Litton # 18099663

# ASSIGNMENT OF DEED OF TRUST 10335983

For Value Received, PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION

, holder of a Deed of Trust (herein "Assignor") whose address is
7515 IRVINE CENTER DR., IRVINE, CA 92618
, does hereby grant, sell,

assign, transfer and convey, unto          Homecomings Financial Network, Inc.

, a corporation
organized and existing under the laws of          (herein "Assignee"),
whose address is ONE MERIDIAN CROSSING, Suite 100, MINNEAPOLIS, MN 56423 ,
a certain Deed of Trust, dated 02/10/2004          , made and executed by
DENISE SUBRAMANIAM

,

to Paul S. Cosgrove, Lindsay Harte, Law Off
Trustee, upon the
following described property situated in WASHINGTON          , State
of Oregon:
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
(A.P.N. #: R29757)
LEGAL DESCRIPTION:
LOT 4, BLOCK 2, DEVONSHIRE, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON.

such Deed of Trust having been given to secure payment of ONE HUNDRED SEVENTY-SIX THOUSAND
AND 00/100                                         ($176,000.00          )
(Include the Original Principal Amount)
which Deed of Trust is of record in Book, Volume, or Liber No.          , at page          (or
as No. 2004-019937 ) of the          Records of WASHINGTON
County, State of Oregon, together with the note(s) and obligations therein described, the money due and to
become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.
**Oregon Assignment of Deed of Trust
with Acknowledgment**
GMD-995W(OR) (9711).04          11/97
Page 1 of 2
VMP MORTGAGE FORMS - (800)521-7291
# 10097572

*(left margin)* 41.42049 / FIDELITY NATIONAL TITLE CO.

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on 12-29-05

Witness   John Cardenas

Witness   CARMEL MULLINS

Attest

PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION
                                (Assignor)

By:
        (Signature)
        Dana Lantry
        Asst. Vice President

Seal:

This Instrument Prepared By: First American Title Insurance Company , address: 200 SW Market, #150, Portland, OR 97201            , tel. no.: (503) 790-7890

State of CALIFORNIA
County of ORANGE

This instrument was acknowledged before me on 12-29-2005
by   DANA LANTRY, Asst. VICE PRESIDENT

as                                                                      of
        PEOPLE'S CHOICE HOME LOAN INC.

        Sergio Lomeli

-995W(OR) (9711).04                Page 2 of 2

# 10097572

SERGIO LOMELI
Commission # 1372949
Notary Public - California
Orange County
My Comm. Expires Sep 1, 2006

**Case # 3:12 – CV – 1681 MO**

**Subramaniam vs Beal, Chase, GMAC et al**                    **Exhibit F Page 8 of 8**



Open Source Data Profiler - www.talend.com/data_profiler - Get Clean, Accurate Data with Open Source Data Profiler. Free Download

It is not our normal practice to prepare a document assigning the beneficial interest of a trust deed. In the rare event where this would happen, we would be involved as an escrow agent. This document was recorded by Fidelity and there is no indication that we were involved in any way as an escrow agent. I would be very surprised to learn that this document was actually prepared in our office as suggested

Mitch Steeves